(81 South. 739)

No. 22915.

SCOTT et al. v. KANSAS CITY SOUTH-ERN RY. CO. et al.

(March 3, 1919. Rehearing Denied May 5, 1919.)

*(Syllabus by Editorial Staff.)*

1. RAILROADS ⊂⊃274(5)—FAILURE TO BLOW WHISTLE AT PLACE REQUIRED BY CUSTOM AND RULE.

Where a railroad company's custom and rule required the whistle to be blown 800 yards from the station to allow those having business with road to cross the track, the company was negligent in blowing the whistle only 150 yards from the station.

2. RAILROADS ⊂⊃274(3)—INJURIES TO PERSON AT STATION.

It was negligence for a railroad company to place its ticket office and waiting room on the wrong side of the track and force people having business with the company to cross the track before approaching trains.

3. RAILROADS ⊂⊃274(5)—NEGLIGENCE—OPER-ATING ENGINE WITHOUT HEADLIGHT.

As to one having business necessitating crossing tracks at a depot at night, it is negligence for the railroad company to operate an incoming train without a headlight.

4. RAILROADS ⊂⊃274(5)—NEGLIGENCE—SPEED OF TRAIN.

Permitting train without a headlight to enter a station, where it had to stop, at a high rate of speed, on a down grade, on a dark night is negligence as to one having business necessitating crossing the tracks.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Action by Mrs. Mary Jane Scott and others against the Kansas City Southern Railway Company and others. From a judgment in favor of plaintiffs, defendants appeal. Affirmed.

Alexander & Wilkinson, of Shreveport, for appellants.

James G. Palmer, of Shreveport, for appellees.

SOMMERVILLE, J. Plaintiffs are the widow and nine minor children of William Judson Scott. They claim damages from the defendant for the death of W. J. Scott, caused through the alleged fault of defendant.

Defendants answered that they were not at fault, and that the deceased was negligent, and contributed to the accident which befell him, and which caused his death.

There was a trial by jury, and a verdict and judgment in favor of the widow for $6,000, and for $1,000 for each minor. Defendants have appealed.

The evidence shows that the deceased was a mail messenger, carrying mail between the post office at Kingston, La., to the trains of defendant near that place; that defendant was under contract to receive and carry the mail; that the deceased was 52 years of age, in good health; that he was earning from $75 to $100 per month; and that he was killed while in the performance of his duties as mail messenger to defendant's train, by a fast-moving locomotive attached to a train of defendant, at the railroad depot, at 7 o'clock on the evening of January 15, 1917.

It also shows that defendants were negligent in not keeping a waiting room open on the proper side of the track, upon which side cars were opened for receiving and discharg-

ing passengers, and for the transaction of business with the railroad. Defendants had a depot on the right side of the track, but it was not open for the use of passengers and others doing business with the roads; there was no light, heat, or ticket office in the depot; the ticket office and waiting room were on the other side of the track, in a small store, about 65 feet from the track; and passengers and others having business with the road had to get tickets and wait in that store until it was time to walk 65 feet on a plank walk, cross the track, and board the approaching train.

It was the custom for the locomotive to whistle at a whistling post, located some 800 yards from the depot, for the purpose of warning those in the ticket office or waiting room to cross the track and be in readiness to board the train when it stopped at the depot. The deceased, with others, was in the place designated on the night of the accident; he had to cross the track to get there, where he waited for the blowing of the whistle; the night was cold and dark; the whistle was blown at the expected time, but only 150 yards from the depot; and those in the waiting room immediately walked across the track; all of them crossed in safety, except the deceased, who was closely following the passengers. It is not shown that he was at fault in any degree.

[1] The defendants were at fault in failing to have the whistle blown until the train was about 150 yards from the station, instead of 800 yards, as was the custom, and as was required by a rule of the company. The warning was not given in sufficient time for those having business with the train to cross the track in safety to transact that business; it was blown too late; and the deceased, in trying to cross over, was struck by the locomotive and killed. There was negligence on the part of the defendants in not blowing the whistle and warning the deceased at the proper time and place.

[2] It was negligence on the part of defendants to place their depot, or ticket office and waiting room, on the wrong side of the track, and force people to cross the track, before an approaching train, to board the train.

[3] The defendants were further negligent, on the night referred to, in operating their train without a headlight, which had not been burning while going a distance of 4 miles before reaching Kingston. Had the headlight been burning, the deceased would have seen it and would have refrained from going on the track when the train was nearer to him than he had reason to believe it was after hearing the whistle.

[4] Defendants were further negligent and reckless in having entered the station, where the train had to stop, at a high rate of speed, on a down grade, and on a dark night, under the circumstances detailed above.

The judgment appealed from is affirmed, with costs.

O'NIELL, J., concurs in the decree.